IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONGKANG HONGSHU TRADING CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> DGL GROUP, LTD., <br><br> *Defendants*. | CASE NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action to recover more than $6,000,000.00 for damages sustained by Yongkang Hongshu Trading Co., Ltd ("Plaintiff"), a corporation organized under the laws of the People's Republic of China, brought against the DGL Group, Ltd. ("Defendant"), a New York company, as a result of Defendant's breach of contract, among other things.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000. Plaintiff is a company with a principal place of business in Zhejiang, China and, Defendant is a company formed under the laws of New York with a principal place of business in New Jersey.

2. Personal jurisdiction over Defendant is proper pursuant to N.Y.C.P.L.R §302 because:

(1) Defendant regularly does or solicits business, engaging in other persistent courses of conduct in this forum, and/or derives substantial revenue from goods and services provided to individuals in New York and in this District;

(2) and by virtue of its incorporation under the laws of the forum state.

3. The venue also properly lies with this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Defendant is a resident of the forum state.

## PARTIES

4. Plaintiff is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at NO99, Huaxi Road, Heyi Community, Xicheng Street, Yongkang City, Zhejiang Province, China.

5. Defendant is a New York company incorporated in Kings County. Upon information and belief, Defendant can be served with process at 195 Raritan Center Pkwy., Edison, NJ 08837.

## BACKGROUND

6. Plaintiff has been an Electric Toy Scooter ("Scooter") supplier for Defendant since 2021.

7. In 2021, Plaintiff and Defendant entered into two Purchase Order contracts, with Order Numbers BST21212 and WM21244 ("Purchase Orders").

8. Parties agreed that these transactions shall be dealt by F.O.B Ningbo. Free on Board (FOB) is a shipment term used to indicate whether the seller or the buyer is liable for goods that are damaged or destroyed during shipping. "FOB shipping point" or "FOB origin" means the buyer is at risk once the seller ships the product. Defendant assumed the risk of the good during shipment for the Purchase Orders.

9. Parties agreed that for each Purchase Order, Defendant was required to pay 20% of the total purchase price as deposit. The remaining 80% of the purchase price was to be paid

within 60-days of estimated time of delivery.

10. The parties also agreed that Defendant would pay for extra containers used for certain shipments under the Purchase Orders ("Extra Container Agreement").

11. Plaintiff fully performed all of its obligations under the Purchase Orders and Extra Container Agreement.

12. Defendant never raised any quality issues with Plaintiff related to Plaintiff's performance under the Purchase Orders or Extra Container Agreement.

13. Plaintiff properly invoiced Defendant for all payment due.

14. Although Defendant paid some part of the balance owned, Defendant failed to pay the Plaintiff the balance due under the Purchase Orders and Extra Container Agreement.

15. Plaintiff has made multiple demands for payment. Notwithstanding, Defendant has failed to provide any valid objections or payment.

16. Plaintiff now brings this action to recover the amounts due.

## FIRST CAUSE OF ACTION
(Breach of Contract-Purchase Order Number: BST21212)

17. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs number 1 through 16 herein with the same force and effect as if set forth herein at length.

18. On or about May 12, 2021, Defendant submitted to Plaintiff a Purchase Order with Purchase Order Number BST21212 to purchase 100,000 Scooters from Plaintiff, for a total purchase price of $6,300,000. *See* Ex. 1.

19. On or about May 12, 2021, Plaintiff provided Defendant with a Proforma Invoice confirming its acceptance of the order and the purchase price. *See* Ex. 2.

20. The Proforma Invoice indicates that both parties agreed to an upfront 20% of

the total purchase price as deposit and the remaining 80% to be paid no later than 60-days from estimated time of delivery ("ETD"). *Id.*

21. Both parties agreed that this order would be divided into 10 shipments. *Id.* Each shipment contained multiple sub-orders. The numbers for these sub-orders are from BST21212-1 to BST21212-61.

22. Plaintiff shipped all 100,000 Scooters to Defendant. Plaintiff performed all of its duties and fulfilled all of its obligations under this Purchase Order.

23. It has been more that 60-days since the last ETD.

24. Defendant was obligated to pay plaintiff for the 100,000 Scooters that Plaintiff provided pursuant to this Purchase Order.

25. As of today, Defendant has paid for 16 sub-orders under BST21212. Defendant has failed to pay 45 sub-orders, for a total amount due of $3,706,934.40. *See* Ex. 3 for order details.

26. Defendant thereby breached the terms of this Purchase Order.

27. As a result, Plaintiff is entitled to recover $3,706,214.40, plus interest, costs, and attorney's fees in connection with Purchase Order Number BST21212.

## SECOND CAUSE OF ACTION
(Breach of Contract-Purchase Order Number: WM21244)

28. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs number 1 through 27 herein with the same force and effect as if set forth herein at length.

29. On or about May 14, 2021, Defendant submitted to Plaintiff a Purchase Order Number WM21244 to purchase from Plaintiff 40,000 Scooters, for a total purchase price of

$3,440,000. *See* Ex. 4.

30. On or about May 12, 2021, Plaintiff provided Defendant a Proforma Invoice, confirming its acceptance of the order and the purchase price. *See* Ex. 5.

31. The Proforma Invoice indicates that both parties agreed to an upfront 20% of the total purchase price as deposit and the remaining 80% to be paid no later than 60-days ETD. *Id.*

32. Both parties agreed that this order will be divided into 10 shipments. *Id.* Each shipment contained multiple sub-orders. The numbers for these sub-orders are from WMBF-21244-1 to WMBF-21244-66.

33. Plaintiff has shipped 40,000 Scooters to Defendant. Defendant was obligated to pay plaintiff for the 40,000 Scooters that Plaintiff provided pursuant to the parties' agreement and this purchase order.

34. As of today, Defendant has paid for 1 sub-order under WM21244. Defendant has failed to pay 65 sub-orders for a total amount of $2,729,349.40. *See* Ex. 6 for order details.

35. Defendant thereby breached the terms of this Purchase Order.

36. As a result, Plaintiff is entitled to recover $2,729,349.40, plus interest, costs, and attorney's fees in connection with Purchase Order Number WM21244.

### THIRD CAUSE OF ACTION
(Breach of Contract-"DG container extra cost")

37. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs number 1 through 36 herein with the same force and effect as if set forth herein at length.

38. On or about December 8, 2021, Defendant agreed to pay Plaintiff extra container charges related to several sub-orders of the WM-21244 Purchase Order.

39. The numbers for the sub-orders with extra container charges are WMBF-21244-4 to WMBF-21244-8, WMBF-21244-22 to WMBF-21244-28, WMBF-21244-32, WMBF-21244-38 to WMBF-21244-42, and WMBF-21244-61 to WMBF-21244-63.

40. As of today, Defendant has failed to pay for any of the extra charges for a total amount of $19,455. Defendant thereby breached the terms of this Purchase Order.

41. As a result, Plaintiff is entitled to recover $19,455.00, plus interest, costs, and attorney's fees in connection with the Extra Container Agreement and Purchase Order Number WM21244.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

1. On all causes of action, for judgment against Defendant in the amount of $6,435,564.60, plus pre-judgment and post-judgment interest;

2. On all causes of action, for costs and disbursements;

3. On all causes of action, for attorney's fees and expenses, in such sums as may be determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues.

Dated: June 20, 2022

FISH & RICHARDSON, P.C.

John S. Goetz
**FISH & RICHARDSON P.C.**
7 Times Square
20th Floor
New York, New York 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
Email: goetz@fr.com

Matt Colvin, *pro hac vice* to be filed
colvin@fr.com
Ashu Balimba, *pro hac vice* to be filed
balimba@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

*Attorneys for Plaintiff*
*YONGKANG HONGSHU TRADING CO., LTD.*